UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEKEIBA HOLLAND,

        Petitioner,               Case No: 00-40339

v.                          HONORABLE PAUL V. GADOLA

KURT JONES,

        Respondent.    /
_____

## REQUEST FOR CERTIFICATE OF APPEALABILITY

    NOW COMES Bekeiba Holland, Petitioner in pro per, pursuant to 28 U.S.C. § 2253, and Fed.R.App.P. 22(b), requesting that this Court, based on the supporting grounds and authorities set forth in the accompanying Brief in Support, grant his request for a Certificate of Appealability on arguments one through ten raised herein. This Court concluded on November 30, 2001, that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1)(A), and that Petitioner have failed to establish that equitable tolling of the limitations period would be justified, denying Petition for Writ of Habeas Corpus.

                            Respectfully submitted,

                            *Bekeiba Holland*
                            Bekeiba Holland, in pro per
                            #219346
                            Mound Correctional Facility
                            17601 Mound Rd

Date: February 28, 2002          Detroit, MI  48212

24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEKEIBA HOLLAND,

        Petitioner,

v.

KURT JONES,

        Respondent.

Case No: 00-40339

HONORABLE PAUL V. GADOLA

_____/

**BRIEF IN SUPPORT OF REQUEST FOR**
**CERTIFICATE OF APPEALABILITY**
**STATEMENT OF THE CASE AND MATERIAL FACTS**

2002 FEB 20 P
CLERK'S OFFICE
DISTRICT COURT
EASTERN DIST. MICH.

FILED

        Petitioner   Bekeiba   Holland,   asserts the following pertinent facts:

        1.  Following a jury trial in Recorder's Court for the City of Detroit, Petitioner was convicted of first-degree felony murder, breaking and entering an occupied dwelling with intent to commit larceny and felony firearm.  On September 18, 1991, Petitioner was sentenced to life imprisonment without parole for the felony murder conviction, four to fifteen years imprisonment for the breaking and entering conviction, and two years imprisonment for the felony-firearm conviction.

2. After exhausting state remedies in the Michigan Supreme Court on direct appeal, petitioner through retained counsel, Craig A. Daly, filed a motion for relief from judgment. The lower court denied relief on the motion on October 29, 1997.

3. Through retained counsel, Craig Daly, a delayed application for leave to appeal was filed on the denial of motion for relief from judgment, and the Michigan Court of Appeals denied leave to appeal.

4. Retained counsel Daly filed a delayed application for leave to appeal, and on November 29, 1999, the Supreme Court denied relief.

5. One week after the Supreme Court issued its November 29, 1999 order, petitioner's father, Ernest Holland, sent attorney Daly a check to cover the cost to proceed in federal district court with all the exhausted federal constitutional claims raised in the state courts.

6. Petitioner was informed by attorney Daly that he had one year from the date of the Supreme Court's November 29, 1999 order to filed writ of habeas corpus.

7. On September 19, 2000, attorney Daly, filed a petition for writ of habeas corpus on petitioner's behalf,

-3-

raising eight federal constitutional claims.

8.    Respondent filed a motion to dismiss the petition on the ground that the habeas corpus petition was untimely.

9.    In response to respondent's motion, attorney Daly argued to this Court that the petition was filed timely because he filed it within one year from the date the Supreme Court denied the application.    Attorney Daly further argued that the petition should not be dismissed as untimely because petitioner is entitled to equitable tolling of the limitation period because petitioner's indigence, coupled with the fact that a different attorney represented petitioner in state court than in the pending habeas corpus petition.

10.    On November 30, 2001, this Court issued an opinion and order granting respondent's motion to dismiss for failure to comply with limitations period.    This Court rejected Daly's argument that the limitation period begun to run anew when the Supreme Court denied leave to appeal because the limitation period is not reset upon the conclusion of state collateral review.    This Court further found that petitioner's inability to promptly secure an attorney because of his indigence is insufficient to warrant equitable tolling

-4-

of the limitations period, and neither does the fact that the attorney now representing petitioner is not  the same attorney who represented petitioner during the state court proceedings warrant equitable tolling.

11.  After filing notice of appeal, and  request for certificate  of  appealability this Court issued an order striking the COA for being more than 20 pages, and because petitioner did not request concurrence from the  attorney general.

12.  Petitioner filed a motion to be allowed to file 48 page brief, and he seeked concurrence.  On February 6, 2002, the  attorney general concurred with petitioner's request, however, this Court issued an order only allowing petitioner to file 30 page brief.

13.   This  Request  For  Certificate of Appealability follows.

## ARGUMENT I

### PETITIONER IS ENTITLED TO A CERTIFICATE OF APPEALABILITY UNDER THE PROVISION  OF  28 U.S.C. § 2253(c)(2)

Before petitioner  Holland  may  appeal  this Court's November 30, 2001 decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed.R.App.P. 22(b); In re Certificate of Appealability, 106 F3d 1305, 1307(6th Cir. 1997).

§ 2253(c) permits a district court to grant certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has recently explained how this provision is to be applied in a situation like this were the Court has denied relief without reaching the merits of the constitutional claim, and where the constitutional claim is accordingly not the subject matter of the appeal. In Slack v McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604, 146 L'Ed2d 542 (2000), it held:

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [a certificate of appealability] should issue when the prisoner shows, at least, that jurist of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling". The analysis as to whether a COA should issue to a procedural question, thus, has "two components, one directed at the underlying constitutional claims and one directed at the court's procedural holding."Id.

The individualized exercise required in this Circuit in applying Slack in effect requires this Court not only to find no merit in all the claims raised in the petition, but to also conclude that no appellate judge would find merit in

-6-

any of the claims in order to deny a COA. Murphy v State of
Ohio, 263 F3d 466(6th Cir. 2000).

The facts and circumstances  arguments two(2) through
ten(10) are predicated upon indeed raises claims which
jurist of reason would find debatable, claims that a court
could resolve in a different manner than that reached by
this court, claims which are supported by statutes, authore-
tive court decisions, and factually based on the record of
the case; or at the least the claims are adequate to the ex-
tent that they deserve encouragement to proceed further.

### ARGUMENT II

PETITIONER HAS MADE A SUBSTANTIAL SHOWING
OF THE DENIAL OF A FEDERAL CONSTITUTIONAL
RIGHT ON THE QUESTION OF WHETHER PETI-
TIONER'S COUNSEL'S BEHAVIOR PROVIDES   A
BASIS FOR EQUITABLE TOLLING OF THE STATUTE
OF LIMITATIONS FOR HIS HABEAS PETITION.

The Sixth Circuit Court of Appeals has identified the
following five factors to be considered in determining the
appropriateness of equitably tolling a statute of limita-
tions: (1) the petitioner's lack of notice of the filing re-
quirement; (2) the petitioner's lack of constructive know-
ledge of the filing requirement; (3) diligence in pursuing
one's rights; (4) absence of prejudice to the respondent;
and  (5)  the  petitioner's  reasonableness  in  remaining

-7-

ignorant of the legal requirement for filing his claim.
Dunlap v United States, 250 F3d 1001, 1008(2001).

It is petitioner's position that the reasons given by
attorney Daly for equitable tolling that petitioner was in-
digent and the fact that a different attorney represented
him in state court than in the pending habeas corpus pre-
vented petitioner from timely filing the pending petition is
not supported by the record.

The record clearly shows that Daly represented peti-
tioner throughout the state court proceedings with respect
to motion for relief from judgment, and when the Supreme
Court denied relief November 29, 1999, petitioner's father,
Ernest Holland forward a check to Mr. Daly one week later to
cover cost for him to proceed in federal district court.
Petitioner was diligence in pursuing his rights in federal
district court, and where petitioner was ignorant of the
legal requirements for filing his claim he should not be
penalized where retained counsel failed to timely file the
petition.  If petitioner had been aware of the filing re-
quirement he would not allowed the attorney to let the time
expire.  Petitioner's family paid counsel to represent his
interest and the behavior by attorney Daly in failing to

-8-

timely filed writ of habeas corpus should be equitable tolled. Attorney Daly represented petitioner in his post-conviction proceedings as well as the instant case which he had more than enough time to file the petition. See Anthony Boyd v Kenny Robinson, Case No. 00-74200, Honorable George Caram Steeh granted certificate of appealability on the question of whether petitioner's counsel's outrageous behaviour provides a basis for equitable tolling of the statute of limitations for his habeas petition.

Based on the facts presented which this Court has not considered, jurist of reason could find debatable, claim that a court could resolve in a different manner then that reached by this court. This claim is adequate to the extent that it deserve encouragement to proceed further.

### ARGUMENT III

> PETITIONER HOLLAND WAS DENIED DUE PROCESS
> UNDER THE FEDERAL CONSTITUTION WHEN AN
> ERRONEOUS JURY INSTRUCTION ALLOWED FOR A
> CONVICTION FOR FELONY MURDER IF PETITIONER
> INTENDED THE UNDERLYING FELONY AND AS AN
> ACCOMPLICE ON A LESSER STANDARD OF PROOF
> THAN REQUIRED FOR THE PRINCIPAL ACTOR.

There was no direct evidence that Petitioner Holland was the principal who was responsible for the killing. Under Michigan law, in order to be convicted as an aider and

abettor, the prosecution was required to establish that Petitioner had the same requisite intent as the principle for murder. In a felony murder case, the intent to commit the underlying felony is not enough to establish the state of mind required for felony murder. However, the trial judge gave an aiding and abetting instruction in conjunction with the felony murder charge allowing the jury to convict of first degree, as an aider and abettor, if the Petitioner intneded the commission of the underlying felony, in this case, a breaking and entering. The due process and equal protection provision of the Fourteenth Amendment prohibits such a conclusion. U.S. Const. Am XIV, Const. 1963, Art. 1, § 20.

The erroneous instruction given the jury in the present case, on aiding and abetting in the murder charge, was given at three (3) different times. See Transcripts Vol. III, pp. 105 thru 106, 107 thru 108 and 117. The jury was not given the standard instruction regarding a felony murder charge when two or more defendants are tried jointly, and in the present case, the trial judge's erroneous instruction allowed the jury to equate the intent to commit a breaking and entering with the intent to murder. In the present case, the erroneous jury instruction failed to convey the essential principals of the law of aiding and abetting, that

-10-

is, that petitioner had the intent to murder.  See Petition
for Writ of Habeas Corpus with elaborate argument.

The due process clause guarantees a fair process and
protects against an unconstitutional deprivation of liberty.
Washington v Glucksbert,   117 S. Ct. 2288(1997); Jackson v
Virginia, 99 S.Ct. 2781(1979).  A jury instruction that im-
permissibly allows the jury to find malice, solely from the
intent to break and enter, cannot be considered harmless in
light of Petitioner's conviction of murder.  The jury in-
struction relieved the jury of finding the necessary element
of malice, under state law.

Accordingly, a Certificate of Appealability should
issue.

### ARGUMENT IV

PETITIONER WAS DENIED A FAIR TRIAL BY AN
IMPARTIAL  JURY  WHEN  THE  PROSECUTOR
ELICITED EVIDENCE OF  THREATS  TO A KEY
PROSECUTION WITNESS AND THE TRIAL  COURT
ENGAGING IN AN EX PARTE COMMUNICATION WITH
A JUROR.

In the case-in-chief, the prosecutor elicited from a
central prosecution witness, Patricia Craig, that she had
been threatened not to come to court.  A subsequent motion
for mistrial was denied.  The next morning, a juror asked to
be dismissed because he was too scared to be on the jury and
make a decision.  After the jury began its deliberation, the

trial Judge revealed she had received a telephone call from a Juror who expressed concerns about being intimidated and harassed by people who were in the courtroom earlier. The Judge made arrangements through the sheriff's department for the juror to be transported to and from court. The jurors also wrote a note to the judge indicating that two (2) jurors had "been verbally harassed by people, friends or family of the persons on trial" and that the jurors felt the harassment was "affecting their decision." The prosecutor's and trial judge's misconduct in this case denied petitioner of a fair trial by an impartial jury and he is entitled to a certificate of appealability on this issue.

The prosecutor asked witness Patricia Craig had she ever been threatened not to come to court and her response was yes. Once the jurors were excused for the day, the prosecutor revealed that the alleged threats were made by the petitioner's father. See Transcript p. 190.

In Dudley v Duckworth, 854 F2d 967, 970-71(7th Cir. 1988), the Court granted habeas relief as the result the improper insertion of threat evidence. The prosecutor claimed that the evidence was offered to explain a witnesses' extreme nervousness." Finding no evidence to support the claim, the court found "the evidence of threats was intended

more to prejudice the defendants. . . than to explain away any nervousness of the witness." Id. at 972. Thus, "the prejudicial effect of the testimony. . . weighed against its necessity" dictating habeas relief. In the present case, the prosecutor did not offer the evidence to allow the jury to assess the credibility or specific behavior of the witness on the witness stand(i.e. nervousness, delay in commenting to court, or delay in reporting to the police, etc.). Nothing in the record discloses that the witness appeared intimidated. Additionally, the alleged statement "there go that bitch" does not constitute a threat. Thus, the probative value was extremely remote. At the same time, this evidence was highly prejudicial and set off a reaction among jurors. The next day, a juror inexplicitly wanted to be relieved from jury duty because he was scared and felt it would affect his judgment.

This evidence is a classic example of the introduction of evidence that appeals to the juror's sympathies, arouses a sense of fear and concern and invites a redirect not based on the evidence. Petitioner was denied his right to a fair trial under the Federal Constitution as elaborated more fully in Petition.

After the jury began its deliberation, the trial judge revealed she had an ex parte telephone conversation with

-13-

juror, Ms. Green(Vol. III, 120-121). Ms. Green told the judge that while on the bus going home, people from the courtroom gallery were on the bus "talking about the case and were acting loud." The judge felt she was intimidated and harassed. Ms. Green asked to be relieved from jury duty, the trial judge refused and instead arranged for a taxi cab and contacted the sheriff who made arrangements to transport her. At the same time, the trial judge revealed that the foreperson had written a note that two(2) jurors verbally harassed by people connected to the defendants, and that the harassment was "affecting their decision"(Vol. III, p. 122).

In Fillippon v Albion Vein Slate Co., 39 S.Ct. 435 (1919), the Supreme Court, in addressing ex parte communication with the jury, held that "the trial court erred in giving a supplementary instruction to the jury in the absence of the parties and without affording them an opportunity either to be present or to make timely objection to the instruction." Id. at 81. The Court provided no remedy for the error of ex parte communication. However, it held that erroneous instructions in jury trials are presumptively injurious and furnish grounds for reversal unless it affirmatively appears that they were harmless. The Fillippon rule was then extended to criminal cases in Shields v United States, 47 S. Ct. 478(1927).

-14-

Generally, the case law has established the rule that it is error for the court to communicate with the jury in the absence of the defendant and counsel. Ex parte Judge-Jury communications implicate Sixth and Fourteenth Amendment rights. See Young v Herring, 938 F2d 543, 556-57(5th Cir. 1991).

In the present case, the trial court's response very likely affirmed in the juror's mind that there was a real need for security and that her safety was in danger. Defense counsel moved for a mistrial. (Vol. III, p. 124-125). The trial court denied the motion(Vol. II, p. 127). The jury note confirmed that, not only were the jurors afraid, but also that "certain jurors feel this is affecting their decision" (Vol. III, p. 128). The jurors requested "some type of reassurance" (Vol. III, p. 128). The juror, who previously requested to be excused, was questioned but not excused. The failure to remove the juror who engaged in the ex parte communications means that the prejudice was not eliminated. United States v Short, 4 F3d 475, 481(7th Cir. 1993).

Petitioner's right to jury trial by impartial juror was violated. Turner v Louisiana, 85 S.Ct. 546(1965). Petitioner's right to be present and counsel were also violated. Faretta v California, 95 S.Ct. 2525(1975). Accordingly, a certificate of appealability should issue.

### ARGUMENT V

PETITIONER WAS DENIED A FAIR TRIAL AND DUE
PROCESS UNDER THE FEDERAL AND STATE CONSTI-
TUTIONS WHEN THE TRIAL COURT FORECLOSED THE
POSSIBILITY OF HAVING TESTIMONY REREAD TO
THE JURY DURING DELIBERATIONS.

At the very outset of the trial, the trial judge in-
formed the jury that there was no possibility that what the
court reporter was taking down in court would be available
to them. Trail Transcript Vol. I, p. 7)

In the present case, the trial court made it abundantly
clear that the jury would not have the testimony made avail-
able upon request. He admonished them that the only means
of recall was their own recollection. The trial judge told
the jury "that there won't be a transcript available . . .
you will have to rely on your individual and collective re-
collection as to what you recall the evidence and testimony
to be."

As a general rule, it is a matter of discretion to de-
termine whether to read back testimony. United States v
Epley, 52 F3d 571, 579(6th Cir. 1995) It is recognized that
the better course of action is for the court to allow the
reading of testimony when requested by the jury. United
States v Holmes, 863 F2d 4, 5(2nd Cir. 1988). However,
foreclosing any possibility of having testimony re-read to

-16-

the jury during their deliberations is reversible error.
Foreclosing a request by the jury in the fashion accomplish-
ed by the trial court here denied Petitioner his right to
due process and a air trial. U.S. Const. Am VI, XIX; United
States v Rabb, 453 F2d 1012(3rd Cir. 1971).

Accordingly, a Certificate of Appealability should
issue.

### ARGUMENT VI

> PETITIONER WAS DENIED A FUNDAMENTALLY FAIR
> TRIAL WHEN A PROSECUTION WITNESS TOLD THE
> JURY THAT PETITIONER HAD BEEN PREVIOUSLY
> INCARCERATED.

When conducting direct examination of the key prosecution
witness, Ms. Patricia Cgaig, about how often she would see de-
fendants Zahadiah and Bekeiba Holland, she responded, "it was
a lot". I mean one time they were in jail and I didn't see
them for a---" (Vol. I, p. 139). An objection to the use of
the word "they" was sustained. Since Petitioner's past criminal
arrest and/or conviction was not germane as he did nottestify
and this evidence was extremely prejudice, and the introduction
of this evidence denied Petitioner of a fair trial. U.S. Const.
Am XIV.

The prohibition of the Fourteenth Amendment against un-
fairness applies to the use of evidence in a state criminal pro-
secution. Blackburn v State of Alabama, 80 S.Ct. 274(1960).

Michigan courts have consistently recognized that it is highly prejudicial for the jury to learn of a defendant's prior criminal record when that information is not properly admissible for impeachment purposes. People v Greenway, 365 Mich 547(1962)

Once this type of error has been committed, it cannot be cured by an instruction. People v Wallen, 47 Mich App 612, 614(1973); United States v Smith, 403 F2d 74, 77(Cir. 6. 1968).

Accordingly, a Certificate of Appealbility should issue.

### ARGUMENT VII

PETITIONER WAS DENIED DUE PROCESS AND HIS RIGHT TO COUNSEL WHEN THE POLICE CONDUCTED A SUGGESTIVE IDENTIFICATION PROCEDURE BY SHOWING PICTURES OF ONLY THE DEFENDANTS TO AN EYEWITNESS WITHOUT AN ATTORNEY PRESENT.

The primary issue in this case was the identification of the Petitioners as the perpetrator. Rayshon Craig was an eyewitness who was inside the house when the three (3) perpetrators entered, shot a victim and killed another. Although he was not ale to recognize any of the voices he heard that night as he hid in a closet, he claimed he was able to identify the Petitioner when he peeked out the closet. The police, prior to trial, had showed Craig pic-

-18-

tures of three (3) suspects for identification purpoese.  No other photographs were shown to Craig.  This photographic identification procedures was so impermissibly suggestive as to violate due process.  Counsel was rquired to be present because the police had narrowed the list of suspects to the three defendants or they were in custody at the time.  This Court should address this constitutional issue notwithstanding that there was no pretrial motion.

A photographic identification procedure violates due process when it is unduly suggestive.  Stovall v Denno, 388 U.S. 293(1967).  When a pretrial identification procedure is so suggestive in light of the totality of the circumstances that it led to substantial likelihood of misidentification, due process is violated.  Neil v Biggers, 93 S.Ct. 375(1972)

The Sixth Amendment right to counsel applies to all critical stages of the criminal process.  United States v Wade, 87 S.Ct. 1926(1967).  The United States Supreme Court has not required counsel at a photographic line-up.  United States v Ash, 93 S.Ct. 2568(1973).  However, the Michigan Supreme Court has required counsel at a photographic identification procedure under certain circumstances.  Counsel is required if the suspect is in custody or the police have narrowed the list of possibilities to the suspect(s) alone.

On redirect examination of Rayshon Craig by the prosecutor, it was asked whether Sergeant Rice ever showed a picture of Bekaiba Holland to him (Vol. II, p.111). Craig testified that Rice showed him three(3) photographs. The three (3) photographs were of the defendants and no other photographs except those three were shown to Craig(Vol. II, pp. 111-112). Craig testified he identified all three(3) Defendants to Sergeant Rice through the photographs. The prosecutor also argued the photographic identification in closing argument stating "he positively identified him from the picture"(Vol. III, p. 88). This was a clearly suggestive procedure that violated Petitioner's right to due process.

There was no evidence that counsel was present. The constitutional error was highlighted as substantive proof of the identification in closing argument. Although no objection was made at or before trial, challenging this identification procedure, this Court can still consider an alleged violation of a constitutional right. People v Grant, 445 Mich 535, 547(1994). Additionally, Petitioner raised a due process challenge to the suggestiveness of showing photographs only of the defendants. Accordingly, a Certificate of Appealability should issue.

## ARGUMENT VIII

### PETITIONER HOLLAND WAS DENIED A FAIR TRIAL WHEN THE PROSECUTOR ARGUED FOR A CONVICTION BASED ON FEAR AND SYMPATHY AND VOUCHED FOR THE CREDIBILITY OF HIS WITNESSES.

The standard for reviewing an allegation of prosecutorial misconduct under federal law is, whether the prosecution's failure to observe that fundamental fairness essential to the very concept of justice denied the defendant his constitutional right to due process of law. In order to declare a denial of due process, the federal reviewing court must find that the absence of fairness fatally infected the trial as the acts complained of were of such quality that they necessarily prevented a fair trial. United States v Young, 470 U.S. 1(1985); Donnelly v DeChristoforo, 416 U.S. 637(1974); Seizemore v Fletcher, 921 F2d 667(6th Cir.1990); Stumbold v Seabold, 704 F2d 910(6th Cir. 1983).

In the present case, the cumulative effect of the prosecutor's misconduct in seeking a conviction based on fear and sympathy and by personally vouching for the credibility of his witnesses in his closing argument, denied Petitioner Holland a fair trial. See elaborated argument in Petition for Writ of Habeas Corpus. Accordingly, a Certificate of Appealability should issue.

## ARGUMENT IX

PETITIONER WAS DEPRIVED OF HIS RIGHT TO
EFFECTIVE ASSISTANCE OF COUNSEL, GUARANTEED
BY THE UNITED STATES CONSTITUTION WHEN HIS
TRIAL ATTORNEY FAILED TO FILE AND ARGUE A
PRETRIAL MOTION TO SUPPRESS    AN UNLAWFUL
IDENTIFICATION PROCEDURE AND TO OBJECT TO
THE PROSECUTOR'S IMPROPER CLOSING ARGUMENT.

It is well-settled that the right of a state criminal defendant to the effective assistance of counsel for his defense at trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. Evitts v Lucy, 469 U.S. 387(1985); Strickland v Washington, 466 U.S. 668(1984); Blackburn v Foltz, 828 F2d 1177(6th Cir.1987); Jemison v Foltz, 672 F Supp 1002(ED Mich. 1987).

The standard of review for an ineffective assistance of counsel claim is found in Strickland v Washington, supra, 466 U.S. at 687:

> First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defense by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced that defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

The Strickland court stated in elaborating upon evaluating a claim of ineffective assistance of counsel:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the facts or omissions of counsel that are alleged not to have been    the    result of reasonable professional

judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omission were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in that particular case. Id. 466 US at 690.

Thus, in order to establish that Petitioner was denied his right to effective assistance of counsel because defense counsel failed to file a motion to suppress evidence and to object to prosecutorial misconduct, it must be shown that counsel's performance was deficient and that the deficient conduct prejudiced his case so as to deprive a defendant of a fair trial. Additionally, the defendant must overcome the presumption that the conduct was sound trial strategy.

## A.   DEFENSE COUNSEL FAILED TO FILE AND ARGUE A PRETRIAL MOTION.

In the present case, a key prosecution witness was shown the pictures of only the three (3) defendant's which was unduly suggestive and the prosecutor used this evidence to convict Petitioner. See Issue III, infra. No pretrial motion to suppress this unlawful identification procedure was ever filed or argued.

Counsel for the defense has a duty to "make an independent examination of the facts, circumstances, and law involved." Von Moltke v Gilles, 322 US 708, 721, 68 S Ct 316, 92 L Ed 309 (1948). "Defense counsel must investigate all apparently substantial defenses available to the defendant and must assert them in a proper and timely manner". Beasley v United States, 491 F2d 687, 696 (6th Cir, 1974). The failure of defense counsel to file a meritorious motion to suppress evidence that was introduced at trial against the

defendant is grounds for finding ineffective assistance of counsel. People v Thomas, 184 Mich 480, 482 (1990); People v Davis, 102 Mich App 403, 411 (1980); People v Means (On Remand), 97 Mich App 641, 647 (1980). In United States v Easter, 539 F2d 663 (8th Cir, 1976), the Eighth Circuit Court of Appeals held that the defendant was denied effective assistance of counsel because his trial attorney failed to file and argue a motion to suppress evidence that was illegally seized. When defense counsel fails to move to suppress challenging the validity of the affidavit in support of a search warrant, an evidentiary hearing on whether the omission deprived defendant of the effective assistance of counsel, should be held. People v Jackson, 213 Mich App 245 (1995).

A state prisoner, in a habeas petition, may properly raise the failure of his attorney to seek exclusion of evidence, as a matter of ineffective assistance of counsel. Kimmelmen v Morrison, 477 US 365, 106 S Ct 2574, 91 L Ed 2d 305 (1986).

Defense counsel's performance was deficient in that a lawyer with training in the area of criminal law knows to file a timely pretrial motion when confronted with such an obvious illegal identification procedure. Since identification was the central issue at trial and the prosecutor argued this illegally obtained evidence to convict Petitioner, defense counsel's deficient performance prejudiced Petitioner. There can be no legitimate trial strategy for such malfeasance.

Accordingly, a Certificate of Appealability should issue.

## ARGUMENT X

**PETITIONER HOLLAND HAS ESTABLISHED AN ENTITLEMENT TO RELIEF FROM THE JUDGEMENT OF HIS CONVICTION BY DEMONSTRATING GOOD CAUSE FOR THE FAILURE TO RAISE HIS PRESENT CLAIM ON DIRECT APPEAL AND ACTUAL PREJUDICE FROM THE ALLEGED IRREGULARITIES IN THIS CRIMINAL PROCESS.**

In the present case, Petitioner Holland clearly establishes an entitlement to relief from the judgment of his conviction by demonstrating "good cause," pursuant to MCR 6.508(D)(3)(a), for the failure to raise any of the present grounds in his appeal of right, or in a prior motion, due to the ineffective assistance of appellate counsel. Edwards v Carpenter, 120 S. Ct ___ (2000); Murray v Carrier, 477 U.S. 478, 488-489, 106 S. Ct. 2639, 2645-2646, 91 L Ed 2d 397(1986); West v Seabold, 73 F3d 81, 84 (6th Cir. 1995); United States v Duckworth, 652 F Supp 82 (ND Ill. 1986); Holt v State Bar Grievance Board, 388 Mich 50, 60 (1972); People v Reed, 449 Mich 375 (1995).

> "Cause" for excusing procedural default is established by proving ineffective assistance of appellate counsel. . . 449 Mich at 378.

In <u>Edwards, supra</u>, the Court held that ". . . ineffective assistance adequate to established cause for the procedural default of some <u>other</u> constitutional claim is <u>itself</u> an independent constitutional claim" (emphasis in original). It is well-settled that a state criminal defendant has a right to the effective assistance of counsel on his first appeal as of right, guaranteed by both the United States and Michigan Constitutions. U.S. Const. Am VI, XIV, Const. 1963, Art. 1, §20; <u>Evitts v Lucy</u>, 469 US 387, 396, 105 S Ct 1783, 84 L Ed 2d 814 (1985), <u>reh denied</u>, 470 US 1065, 105 S Ct 1783, 84 L Ed 2d 841 (1985); <u>Douglas v California</u>, 372 US 353, 83 S Ct 814, 9 L Ed 2d 811 (1963); <u>Frederick v Presque Isle County Circuit Judge</u>, 439 Mich 1, 6 (1991); <u>People v Crandall</u>, 270 Mich 124 (1935); <u>People v Kenneth Johnson</u>, 144 Mich App 125 (1985); <u>People v Centers</u>, 141 Mich App 364, <u>rev'd and remanded on other grds</u>, 422 Mich 951 (1985).

The federal standard of review for an ineffective assistance of counsel claim is found in <u>Strickland v Washington</u>, 466 US 668, 687, 104 S Ct 2052, 80 L Ed 2d 674, <u>reh denied</u>, 467 US 1267, 104 S Ct 3562, 82 L Ed 2d 864 (1984):

> First, the Petitioner must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defensibly by the Sixth Amendment. Second, the Petitioner must show that the deficient performance prejudiced that defense. This requires a showing that counsel's errors were so serious as to deprive the Petitioner of a fair trial, a trial whose result is reliable.

The <u>Strickland</u> standard of review employed in reaching an ineffective assistance of counsel claim is the same for defense or appellate counsel. <u>Matire v Wainwright</u>, 811 F2d

1430, 1434 (11th Cir, 1987); People v Bowen, 791 F2d 861 (11th Cir), cert denied, 479

US 994, 107 S Ct 597, 93 L Ed 2d 597 (1986).

The performance of appellate counsel was totally deficient. Thus, appellate counsel

failed to investigate and present on appeal the meritorious claim as set forth herein.

Entsminger v Iowa, 386 US 748, 87 S Ct 1402, 18 L Ed 2d 501 (1967); Anders v State

of California, 386 US 738, 744, 87 S Ct 1396, 18 L Ed 2d 493, reh denied, 388 US 924,

87 S Ct 2094, 18 L Ed 2d 1377 (1967); O'Guin v Foltz, 715 F2d 397, 401 (6th Cir,

1983); Thor v United States, 574 F2d 215, 221 (5th Cir, 1978); Beasley v United States,

491 F2d 687, 696 (6th Cir, 1974); Holt v State Bar Grievance Board, 388 Mich 50, 60

(1972). In fact, the omitted claim, which is included in this action, is supported by the

facts, had a reasonable potential for success on the merits and, is easily recognizable by

a practitioner familiar with criminal law and procedure who engages in diligent legal re-

search. The Courts have not hesitated to find ineffective assistance of appellate counsel for

failing to raise important and obvious appellate issues. Mapes v Coyle, 171 F3d 408, 427-

429 (1999); United States v Cook, 45 F3d 388, 395 (10th Cir, 1995); United States v De

La Fuente, 8 F3d 1333, 1336-37 (9th Cir, 1993); Ratliff v United States, 999 F2d 1023,

1026 (6th Cir, 1993); Houston v Lockhart, 982 F2d 1246, 1250-53 (8th Cir, 1993);

Freeman v Lane, 962 F2d 1252, 1257-58 (7th Cir, 1992); Hollis v Davis, 941 F2d 1471,

1476-78 (11th Cir, 1991); Rodriquez v Young, 906 F2d 1153-1161 (7th Cir, 1990); Orazio

v Dugger, 876 F2d 1058, 1513-14 (11th Cir, 1989); Matire v Wainwright, 811 F2d 1430,

1438-39 (11th Cir, 1987).

In short, a reasonable appellate attorney would have concluded that the claim presented in this petition was worthy of mention on appeal and therefore should have been raised absent ineffective assistance of appellate counsel. <u>People v Reed</u>, 449 Mich 375, 391 (1995). An evidentiary hearing is required. <u>Mapes v Coyle, supra</u>, at 429.

## B.   ACTUAL PREJUDICE

Petitioner Holland is also able to establish actual prejudice from the failure of counsel to raise the issues herein. There is a reasonable probability that the outcome of the trial would have been different without the errors complained of here. In any case, the irregularities created by the errors are so offensive to the maintenance of a sound judicial system that relief should have been granted. MCR 6.508(D)(3)(b)(iii).

## C.   FUNDAMENTAL MISCARRIAGE OF JUSTICE

It is a well-established exception that the cause and prejudice requirements will not bar review of issues for the first time on collateral review when the failure to do so would result in a miscarriage of justice. <u>Schlup v Delo</u>, 513 US ___, 115 S Ct 851, 130 L Ed 2d 808 (1995); <u>Wainwright v Sykes</u>, 433 US 72, 91, 97 S Ct 2497, 53 L Ed 2d 594 (1977); <u>Pilchak v Campter</u>, 935 F2d 145 (8th Cir, 1991); <u>People v Reed, supra</u> at 390 fn 12.

Under the circumstances of this case, the failure to review the merits of Petitioner's case would be a fundamental miscarriage of justice.

## RELIEF SOUGHT

WHEREFORE, for all the foregoing reasons, Petitioner Holland requests this Honorable Court grant his request for a Certificate of Appealability on each claim set forth herein.

Respectfully submitted,

*Bekeiba Holland*

Bekeiba Holland, in pro per
with help of Paralegal
#219346
Mound Correctional Facility
17601 Mound Rd
Detroit, Michigan  48212

Dated: February 25, 2002

-29-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED