UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEKEIBA HOLLAND,

                Petitioner,      CIVIL CASE NO. 00-40339

v.

                                  HONORABLE PAUL V. GADOLA
KURT JONES,                    U.S. DISTRICT JUDGE

                Respondent.
_____/

### OPINION AND ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY

Before the Court is Petitioner's motion for a certificate of appealability, filed on February 27, 2002. Pursuant to Local Rule 7.1(e), the Court concludes that a hearing would not aid in the disposition of this matter. For the reasons set forth below, the Court shall deny Petitioner's motion.

A certificate of appealability is required to appeal the final ruling of the district court in a habeas corpus proceeding. Title 28, United States Code, Section 2253 states, in relevant part:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . .

28 U.S.C. § 2253(c)(1). Rule 22 of the Federal Rules of

Appellate Procedure similarly provides that:

> In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.

Fed. R. App. P. 22(b)(1); see Lyons v. Ohio Adult Parole Authority, 105 F.3d 1063, 1076 (6th Cir.), cert. denied, 520 U.S. 1224 (1997); In Re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This statute codifies the standard promulgated in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983), for the issuance of a certificate of probable cause. See Lyons, 105 F.3d at 1073. Petitioner is required to show that the issues presented are debatable among jurists of reason, that courts could resolve the issues differently, or that the questions are "adequate to deserve encouragement to proceed further." Barefoot, 463 U.S. at 893 n.4. Petitioner is not required to show that he will prevail on the merits. Id.

On November 30, 2001, this Court dismissed Petitioner's habeas motion on procedural grounds: that Petitioner had failed

2

to comply with the applicable statute of limitations and that Petitioner was not entitled to equitable tolling. This Court did not reach the merits of Petitioner's habeas motion. According to the Supreme Court in <u>Slack v. McDaniel</u>, 529 U.S. 473, 120 S. Ct. 1595 (2000):

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [i.e., certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

120 S. Ct. at 1604. Therefore, this Court must determine whether (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Both of these factors must be satisfied before the Court may issue a certificate of appealability. See <u>id.</u> This Court may deny Petitioner a certificate of appealability without reaching the other factor if either factor does not support granting a certificate of appealability. See <u>id.</u> ("a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and the arguments").

The issue whose answer is more apparent from the record and arguments is the procedural prong of analysis, and the Court therefore begins with that subject. On pages seven through nine of the brief supporting Petitioner's motion, he argues that this Court erred in concluding that equitable tolling does not excuse his violation of the statute of limitations. Nowhere within this section of his brief, however, does Petitioner adduce argument or authority that would lead this Court to conclude that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that equitable tolling does not aid Petitioner.

Therefore, this Court concludes that another reasonable court could not disagree with this Court's holding that "Petitioner's application is barred by the one-year limitations period." (Order of November 30, 2001 at 6.)
Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for a certificate of appealability, filed on February 27, 2002, is **DENIED**.

SO ORDERED.

Dated: 3/6, 2002

HON. PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE