

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEKEIBA HOLLAND,

        PETITIONER-APPELLANT,      CIVIL   NO.   00-40339
                                              HONORABLE PAUL V. GADOLA

-VS-

KURT JONES, WARDEN,
NRF CORRECTIONAL FACILITY,

        RESPONDENT-APPELLEE.
_____/

## MOTION FOR RELIEF FROM JUDGMENT
## PROOF OF SERVICE

BEKEIBA HOLLAND
No. 219346
NRF Correctional Facility
17601 Mound Road

PETITIONER-APPELLANT IN PRO SE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



BEKEIBA HOLLAND,

    PETITIONER-APPELLANT,

-VS-

CIVIL NO. 00-40339
HONORABLE PAUL V. GADOLA

KURT JONES, WARDEN,
NRF CORRECTIONAL FACILITY,

    RESPONDENT-APPELLEE.
_____/

## MOTION FOR RELIEF FROM JUDGMENT

    NOW COMES, Petitioner-Appellant, BEKEIBA HOLLAND, proceeding in PRO SE, and pursuant to Fed. Rule of Civ. Proc. 60(b)(6), and respectfully moves this Honorable Court to grant RELIEF FROM JUDGMENT, to allow appellate review on the merits of Petitioner's habeas claims for the following reasons:

    1. Petitioner-Appellant commenced this action by filing a Petition for Writ of Habeas Corpus, September 19, 2000, alleging state detention premised on multiple Federal Constitutional violations.

    2. This Court denied Petitioner's Habeas action on November 30, 2001, for failure to comply with the one year statute of limitation.

    3. Petitioner filed a notice of appeal requesting a certificate of appealability which was denied in the United States Court of Appeals for the Sixth Circuit, June 5, 2002,

1

that Court also denied his Petition for Rehearing on September 24, 2002, Docket No. 00-40339.

4. Petitioner-Appellant states that he is entitled to relief from judgment for the following reasons:

## I. INTRODUCTION

Petitioner was convicted of first-degree felony-murder, MCL 750.316; MSA 28.548; Breaking & Entering an Occupied Dwelling with Intent to commit Larceny, MCL 750.110; MSA 28.305, and Felony-Fire-Arm, MCL 750.227b; MSA 28.424(2).

Petitioner was sentenced to a mandatory life without parole for the felony-murder conviction; four (4) to fifteen (15) years for the breaking & entering conviction, and two (2) years for the felony-fire-arm conviction.

Petitioner's appeal as of right ended when the Michigan Supreme Court denied leave to appeal April 28, 1995. File No. 100715, Mich.

Petitioner filed a Motion for Relief from Judgment, MCR 6.500, on April 23, 1997, File No. 91-006315, Wayne County Cir.

The trial-court denied the motion on October 29, 1997, Petitioner's properly filed state-court appeals challenging the denial of the motion for relief from judgment ended when the Michigan Supreme Court denied leave to appeal on November 29, 1999. File No. 114847, Mich.

Petitioner, filed his habeas petition, September 19, 2000, File No. 00-CV-40339FL.

2

Respondent-Appellee, filed a Motion to Dismiss the Habeas Petition, which was granted by the District-Court, November 4, 2001, by an opinion and order denying the petition.

The Federal District Court erroneously concluded that Petitioner-Appellant filed his habeas petition on September 19, 1996, See, Opinion and Order, page 5.

The district-court even went further by calculating the commencement of the statute of limitation with this erroneous date, which ends with an erroneous deadline date.

Petitioner also requested Rehearing of the United States Court of Appeals order denying a Certificate of Appealability which was denied, September 24, 2002.

## II. DISCUSSION:

Petitioner-Appellant, returns to this Court under Fed. Rules of Civ. Proc. 60(b)(6), contending that mistakes and inadvertence was made in reaching the decision in dismissing Petitioner's Habeas action, where a state created impediment prevented the timely filing of his petition, §2254. Petitioner contends that Fed Rules of Civ. Proc. 60(b), applies to him where the district-court made a serious <u>mistake</u> concerning the commencement of the statute of limitation date as being <u>September 19, 1996</u>.

Petitioner-Appellant, further contends that the filing deadline should not apply to him, since he lacked the adequate notice of the deadline. While Petitioner Holland filed his

3

motion in 1997, the Sixth Circuit did not rule that prisoners whose convictions were finalized before the AEDPA became effective were subject to a one-year limitation period until 1999, AUSTIN VS. MITCHELL, 200 F3d 391 (1999).

The following five factors are weighed in deciding whether a statute of limitation should be tolled due to equitable considerations: (1) the petitioner's lack of notice of the filing requirements; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing ones rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirements for filing the claim. Dunlap vs. United States, 250 F3d 1001 (6th Cir. 2001). The Sixth Circuit Court has repeatedly cautioned that equitable tolling relief should only be granted sparingly. See, Dunlap at 1008-09. As stated in Graham-Humphreys, the five factors considered in deciding whether to equitably toll a limitation period are not comprehensive, nor is each of the five factors relevant in all cases. Graham vs. Humphreys, 209 F3d. at 561. The decision to equitably toll a period of limitations must be decided on a case-by-case basis. Truitt vs. County of Wayne, 148 F3d 644,648 (6th Cir. 1998).

28 USC §2244(d). Upon passage of the AEDPA, there was a great deal of confusion among lawyers and the courts about the operation of the statute of limitations. Eventually, in 1999,

4

'the Sixth Circuit as well as most circuits, determined that there was a one year grace period for those inmates whose convictions were finalized prior to the enactment of the AEDPA.

In this matter, the district-court erroneously concluded that Petitioner's collateral motion for relief from judgment was not filed until September 19, 1996, See, District-Court's opinion and order page 5. Respondent-Appellee also relied on September 19, 1996, See, Exhibit A (Motion to Dismiss); the Sixth Circuit Court of Appeals, also relied on September 19, 1996 as being the date that the motion was filed tolling the statute of limitations, See, Exhibit B (order denying COA).

This Court should exercise Fed. Rules of Civ. Proc 60(b), to correct the mistake and re-calculate the time toward the limitation period in this case.

In the event, that the Court sets the record straight and re-calculates the deadline, Petitioner states that this Court should toll the staute of limitations in this matter because he lacked adequate notice of the filing requirement where he relied on his attorney, Mr. Craig Daly to adequately and timely file his habeas petition. Mr. Daly was confused liked other attorneys and court's about the actual meaning of the AEDPA, until the Sixth Circuit cleared up the confusion in AUSTIN VS. MITCHELL, 200 F3d. 391 (6th Cir. December 28, 1999), adding a one year grace period for prisoner's whose convictions were finalized prior to the enactment of the AEDPA. Petitioner states

5

that he wasn't given adequate notice of the April 24, 1997, due date for filing a collateral motion tolling the limitations period when no such authority had set the deadline until after the date. Petitioner's attorney Mr. Craig Daly was factually confused by the AEDPA, before the controlling authority in AUSTIN added the one-year grace period. See: Mr. Daly's letter to Petitioner dated April 13, 2001, also see, Mr. Daly's answer to respondent's motion to dismiss, Exhibit C, which clearly indicates that the attorney was operating under an erroneous conception of the AEDPA. Petitioner's deadline date according to the one-year grace period was November 30, 1999, the day after the Michigan Supreme Court denied leave to appeal the denial of the collateral motion, MCR 6.500, the AUSTIN decision was more than one-month after the November 30, 1999 deadline.

Assessing the five factors outlined in Dunlap, no evidence suggest that Petitioner Holland had actual notice or constructive knowledge of the filing requirement until after the deadline. Additionally, Respondent would not be prejudiced by a petition that was less than one-year late; Petitioner was diligent in pursuing his §2254 Habeas Petition, See: Appendix of Exhibits A-E.

A very similar situation was presented to the Sixth Circuit Court of Appeals in COOK VS. STEGALL, 295 F3d 517 (6th Cir. 2002), where the Court in assessing the five factors in Dunlap, stated there was no evidence to suggest that COOK had actual notice or constructive knowledge of the filing requirements

6

until a few days prior to the deadline, but went on further to state that <u>Cook</u> did not diligently pursue his rights because he waited twelve years to file his petition.

In the case at bar, Petitioner Holland's delay was less than a year before the confused attorney filed his petition.

7

## RELIEF SOUGHT

WHEREFORE, Petitioner-Appellant request this Honorable Court to Grant Relief from Judgment; order an evidentiary hearing to determine the degree of confusion the attorney underwent concerning the AEDPA; correct any mistakes or inadvertance thats contained in the Record, and to re-instate petitioner's habeas petition for review on the merits, equitably tolling the staute of limitations.

Respectfully submitted,

*Bekeiba Holland*
BEKEIBA HOLLAND #219346
NRF Correctional Facility
17601 Mound Road

Dated: October 31, 2002.

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED